IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD THOMPSON,

    Petitioner,        No. 2:12-cv-0675 KJM CKD P

    vs.

KNIPP,

    Respondent.        FINDINGS & RECOMMENDATIONS

                           /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's June 1, 2012 motion to dismiss the petition as untimely filed. (Dkt. No. 11.) Petitioner has filed an opposition to the motion, and respondent has filed a reply. (Dkt. Nos. 13, 14.) For the reasons discussed below, the undersigned will recommend that respondent's motion be granted.

PROCEDURAL HISTORY

        On November 29, 1999, petitioner pled guilty in the San Joaquin County Superior Court to fifteen counts of lewd acts upon a child. He was sentenced to a state prison term of twenty-five years to life. (Lod. Doc. 1.)[1] Petitioner did not appeal this sentence.

---

[1] Lodged documents refer to those documents lodged by respondent on June 1, 2012. (Dkt. No. 12.)

1

In a sentence modification hearing held on April 5, 2004, petitioner was granted permission to withdraw his guilty plea to counts as to five of those counts, specifically counts 17, 18, 19, 20, and 22. His sentence of twenty-five years to life "remain[ed] as ordered" on November 29, 1999, as it was based on the "habitual sexual offender" provision of California Penal Code section 667.71, to which petitioner had pled on the remaining counts. (Lod. Doc. 2; Lod. Doc. 5.) An amended abstract of judgment, filed on May 3, 2004, reflected the dismissal of these five counts, nun pro tunc to November 29, 1999. (Lod. Doc. 3.) Petitioner did not appeal the amended judgment.

Petitioner subsequently filed three petitions for writ of habeas corpus in the state courts:

On November 23, 2010, he filed a petition in the San Joaquin County Superior Court. The petition was denied on January 26, 2011, citing In re Robbins, 18 Cal. 4th 770 (1998) and In re Clark, 6 Cal. 4th 750, 774. (Lod. Docs. 4, 5.)

On March 8, 2011, he filed a petition in the California Court of Appeal, Third Appellate District, which was denied on March 17, 2011. (Lod. Docs. 6, 7.)

On September 21, 2011, he constructively filed a petition in the California Supreme Court, which was denied on February 15, 2012. (Lod. Docs. 8,9.)

Petitioner constructively filed the instant federal petition on March 14, 2012.[2] (Dkt. No. 1.)

STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v.

---

[2] "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.' Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003).

1 Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The
2 AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title
3 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

ANALYSIS

I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Here, petitioner did not appeal the amended judgment of May 3, 2004. Thus, the time to seek direct review ended sixty days later on July 2, 2004, when time to file a direct appeal expired. Cal. Rule of Court, Rule 8.308. The one-year limitations period commenced running the following day, July 3, 2004. 28 U.S.C. § 2244(d)(1); Fed.R.Civ.P. 6(a). Thus the last day to file a federal petition was on July 2, 2005, plus any time for tolling. The instant petition was constructively filed more than six years later on March 14, 2012. Thus, absent tolling, the petition is untimely.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

Petitioner filed three up-the-ladder state habeas petitions in 2010 and 2011, as described above. All three were filed after the AEDPA statute of limitations had expired on July

2, 2005.  The tolling provision of section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero).  Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under section 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Accordingly, petitioner's three state habeas petitions, all of which were filed after the AEDPA deadline, cannot toll the running of the already-run statute.

III. Unlawful Sentence

Petitioner does not dispute any of the above.  Rather, he asserts in opposition to the motion that his sentence is unlawful because it "exceeded the statutory maximum," and that an unlawful sentence can be challenged at any time.  (Dkt. No. 13.)  In support of this argument, petitioner cites cases decided before the 1996 enactment of AEDPA, which imposed a one-year limitations period for filing a federal petition for writ of habeas corpus.  As AEDPA governs the instant proceeding, petitioner's argument must be rejected.  See Lindh, supra, 521 U.S. at 336.

For the foregoing reasons, the petition should be dismissed for untimeliness.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 1, 2012 motion to dismiss (Dkt. No. 11) be granted; and

2. The petition be dismissed and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\\

\\\\\

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3   Dated: July 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
thom0675.mtd